Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 215
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 485-3852

Attorney for Defendant, MARTIN AVILA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARTIN AVILA,<br><br>　　　　Defendant. | Case No.: 1:25-CR-40 KES/BAM<br><br>Defendant Martin Avila's Request And Order For Funds For Travel, And Subsistence Pursuant To 18 U.S.C. § 4285 And The Criminal Justice Act 18 U.S.C. §3006A<br><br>Expected Travel Dates: January 11-13, 2026 |

1. <u>Introduction and Summary of Argument</u>

　　Mr. Avila is required to appear on January 12, 2026, for a Sentencing Hearing. Mr. Avila resides in Colorado. Mr. Avila is indigent and requests funds to allow him to travel to Court.

2. <u>Due Process Requires The Provision Of The Requested Funds</u>

　　Mr. Avila's indigency is clear and has been noted by the Court in appointing counsel.

///

///

There is unambiguous statutory authority for this Court to direct the United States Marshal to furnish Mr. Avila with the cost of travel so he can attend court in Fresno on January 12. *See,* 18 U.S.C. § 4285. Pursuant to that statute, Mr. Avila requests the United States Marshal provide him with airfare and subsistence expenses during his travel period not to exceed the amount authorized as per diem allowance for travel under 5 U.S.C. § 5702(a).

Several cases have held that § 4285 does not obligate the Marshalls Service to pay an indigent defendant's subsistence expenses – food and lodging – once the defendant arrives and can attend Court. Similarly, expenses to return home after a Court appearance are not covered by that statute. With regard to travel, lodging, and subsistence funding as a due process right for an indigent defendant, several cases have held that a defendant has the right to attend his court proceedings and cannot be forced to choose between surrendering himself into custody or to go without food and lodging while attending court. *See, United States v. Badalamenti,* 1986 WL 8309 (S.D.N.Y. Jul. 22, 1986). In *United States v. Mendoza,* 734 F.Supp.2d 281, 286-87, (E.D.N.Y. 2010), the Court found that the Criminal Justice Act, 18 U.S.C. §3006A, provided the appropriate funding mechanism for a defendant's lodging and subsistence expenses while he is away from home for court proceedings and for the cost of return travel and subsistence.

Based on those precedents, Mr. Avila requests funding for his travel and subsistence as follows:

(1) From funds authorized under 18 U.S.C. § 4285, for the defendant's travel from his home in Oregon to Fresno, California, for his Court appearance on January 12, 2026;

(2) From funds authorized under the Criminal Justice Act, 18 U.S.C. §3006A, and any other source the Court finds appropriate for the defendant's travel home from his Court appearance on February including subsistence expenses during his anticipated return flight on January 13, 2026.

Counsel would ordinarily request reimbursement for lodging and subsistence while Mr. Avila is in Fresno for his Court appearance but counsel is informed and believes that Mr. Avila will stay with family and will not incur significant lodging and subsistence expenses.

In previous cases involving reimbursement expenses, the United States Marshalls Service (USMS) has advised counsel that the USMS prefers to arrange travel rather than be ordered to pay reimbursement for travel arranged independently. Counsel will advise Mr. Avila to arrange a return flight to follow the January 12 court appearance.

Counsel is informed and believes this Court is inclined to order travel and subsistence funding as referenced in (1) and (2) above and to further authorize undersigned counsel to advance those expenses with reimbursement to counsel from Criminal Justice Act (CJA) funds ordered by the Court.

Counsel will provide defendant Martin Avila with a copy of the travel funds document which is attached to the proposed order and advise Martin Avila of his potential liability for excess expenses. Counsel will seek reimbursement from CJA funds promptly once the authorized travel is booked

Dated:  September 30, 2025                                    Respectfully submitted,

                                              /s Kevin Rooney
                                              KEVIN P. ROONEY
                                              Attorney for Defendant
                                              MARTIN AVILA

**O R D E R**

Pursuant to 18 U.S.C. § 4285, the Court orders the United States Marshall's Service to arrange airline travel for Martin Avila on a date calculated to allow him to attend the hearing in before this Court in Fresno, California at 9:30 a.m. on January 12, 2026.and to pay additional monies for subsistence expenses during travel, and for ground transportation to the outgoing airport and to this Court.

Pursuant to 18 U.S.C. § 3006A, the Court also orders the disbursement of Criminal Justice Act (CJA) funds to furnish Martin Avila with the travel expenses, specifically airfare, ground travel and subsistence while traveling on his return after his Court appearance on January 12, 2026. It is further ordered that to the extent practicable, the travel and subsistence expenses shall not exceed the parameters set out in the attached Travel Funding Memorandum and the per diem allowance for travel under 5 U.S.C. § 5702(a).

It is further ordered that undersigned counsel may advance the travel and subsistence funds to be disbursed from CJA funds and that counsel is ordered to be reimbursed from CJA funds. Counsel shall seek any reimbursement from CJA funds promptly once the authorized travel is completed. Counsel shall endeavor to limit the expenses to the parameters set out in the attached Reasonable Travel Expenses Memorandum, however counsel is not personally liable for excess expenses and shall be reimbursed from CJA funds for all expenses reasonably authorized.

IT IS SO ORDERED.

Dated: **October 1, 2025**        /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

4